# JUVENILE COURT PROCEDURAL RULES COMMITTEE
# FINAL REPORT[1]

## Amendment of Pa.R.J.C.P. 1300 and
## Rescission and Replacement of Pa.R.J.C.P. 1302

On April 28, 2020, the Supreme Court amended Pennsylvania Rule of Juvenile Court Procedure 1300 concerning changes in venue in dependency proceedings, together with the rescission and replacement of Pennsylvania Rule of Juvenile Court Procedure 1302 concerning intercounty transfers of dependency cases. The purpose of this rulemaking was to improve and formalize the areas of decision-making, communications, continuation of services, and records as they relate to these procedures.

## Amendment of Pa.R.J.C.P. 1300 (Venue)

Paragraph (B) was amended to clarify that the window for seeking a change in venue is prior to the adjudicatory hearing. Paragraph (C) contains a specific five-day deadline for the transfer of records. Further, the paragraph includes a communication loop to indicate that records have been received, and a requirement for the receiving county agency to schedule the next court proceeding. These amendments are intended to facilitate the location of records and to ensure the case proceeds after the change of venue.

Post-publication, previously proposed Comment language addressing the continuation of services was elevated to the rule text and now appears as new paragraph (D). This language was added to address the continuation of services when services may have commenced prior to adjudication, such as those ordered in a shelter care hearing pursuant to Pa.R.J.C.P. 1242(E). Its placement in the rule text is similar to that of Pa.R.J.C.P. 1302(I).

## Rescission and Replacement of Pa.R.J.C.P. 1302 (Intercounty Transfer)

Given the scope of the revisions, Pa.R.J.C.P. 1302 was rescinded and replaced in its entirety. The rule is intended to establish a procedural concept involving a two-step process for intercounty transfers. First, the transferring county is to conduct a hearing to determine whether an intercounty transfer is in the child's best interest. Second, assuming the transferring court determines in the affirmative, the transferring court then communicates with the receiving court to ascertain whether jurisdiction will be accepted.

---

[1] The Committee's Final Report should not be confused with the official Committee Comments to the rules. Also note that the Supreme Court does not adopt the Committee's Comments or the contents of the Committee's explanatory Final Reports.

The requirement of the child's best interest for an intercounty transfer is set forth in paragraph (A). Commentary has been added to suggest factors in determining whether a transfer is in a child's best interest.

The receiving county agency, as the provider of services and the party to receive legal custody of the child, has an interest in the transfer. Therefore, paragraph (B) requires that receiving county agency be given notice of the transfer hearing in the transferring county and granted standing to participate. Further, paragraph (C) permits the receiving county agency to appear via advance communication technology.

Paragraph (D) requires subsequent communication with the court in the receiving judicial district to determine whether the receiving court will accept jurisdiction. Thereafter, the parties may file written responses with the transferring court regarding the decision to accept jurisdiction. Paragraph (F) permits the courts to discuss administrative matters without informing the parties or making a record. Paragraphs (D) and (F) were based, in part, on the Uniform Child Custody Jurisdiction and Enforcement Act, 23 Pa.C.S. § 5410.

Paragraph (E) requires that an order approving a transfer contain a date certain and at least a ten-day window before the actual transfer. This window is to provide for the transmission of the record and coordination of services between the county agencies as set forth in paragraphs (H) and (I). Prior to the transfer order's effective date, the receiving court is required to enter an order accepting jurisdiction, as well as appointing a guardian *ad litem* and counsel, as needed, directing a home visit and safety assessment, and scheduling a review hearing.

The amended and replaced rules will become effective October 1, 2020.